**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DOWNUNDER WIRELESS, LLC,** | |
| Plaintiff, | |
| **v.** | |
| **(1)  SAMSUNG ELECTRONICS AMERICA, INC.;** | |
| **(2)  SPRINT NEXTEL CORP.;** | |
| **(3)  TARGET CORP.;** | |
| **(4)  T-MOBILE USA, INC.;** | |
| **(5)  TRACFONE WIRELESS, INC.;** | |
| **(6)  UNITED STATES CELLULAR CORP.;** | |
| **(7)  VERIZON COMMUNICATIONS, INC.;** | **CIVIL ACTION NO.** |
| **(8)  VIRGIN MOBILE USA, INC.;** | |
| **(9)  WAL-MART STORES, INC.;** | |
| **(10) AMAZON.COM;** | **JURY TRIAL DEMANDED** |
| **(11) AT&T INC.;** | |
| **(12) BEST BUY CO., INC.;** | |
| **(13) BOOST WORLDWIDE, INC.;** | |
| **(14) BUY.COM, INC.;** | |
| **(15) COMPUSA.COM;** | |
| **(16) CRICKET COMMUNICATIONS, INC.;** | |
| **(17) DELL, INC.;** | |
| **(18) NEWEGG, INC.;** | |
| **(19) OVERSTOCK.COM;** | |
| **(20) RADIOSHACK CORP.; and** | |
| **(21) CAL-COMP ELECTRONICS AND COMMUNICATIONS CO., LTD.** | |
| Defendants. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

1.    This is an action for patent infringement in which DownUnder Wireless, LLC, makes the following allegations against: Samsung Electronics America, Inc.; Sprint Nextel Corp.; Target Corp.; T-Mobile USA, Inc.; Tracfone Wireless, Inc.; United States Cellular Corp.; Verizon Communications, Inc.;  Virgin Mobile USA, Inc.; Wal-Mart Stores, Inc.; Amazon.Com;

AT&T Inc.; Best Buy Co., Inc.; Boost Worldwide, Inc.; Buy.com, Inc.; CompUSA.Com; Cricket Communications, Inc.; Dell, Inc.; Newegg, Inc.; Overstock.Com; Radioshack Corp and Cal-Comp Electronics and Communications Co., Ltd. (collectively the "Defendants").

## PARTIES

2.      Plaintiff DownUnder Wireless, LLC ("Plaintiff" or "DownUnder") is a Texas limited liability company with its principal place of business at 719 West Front Street, Suite 151, Tyler, Texas 75702.

3.      On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung"), is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660. Defendant Samsung's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

4.      On information and belief, Defendant Sprint Nextel Corp. ("Sprint") is a Kansas corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, KS 66251. Defendant Sprint's registered agent in Texas appears to be Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

5.      On information and belief, Defendant Target Corp. ("Target") is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403. Defendant Target's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

6.      On information and belief, T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, WA 98006. Defendant T-Mobile's registered agent in Texas is Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

7.      On information and belief, Tracfone Wireless, Inc. ("Tracfone") is a Florida corporation with its principal place of business at 9700 Northwest 112th Avenue, Medley, FL 33178. Defendant Tracfone's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

8.      On information and belief, United States Cellular, Corp. ("US Cell") is a Delaware corporation with its principal place of business at 8410 West Bryn Mawr Avenue, Suite 700, Chicago, IL 60631.

9.     On information and belief, Verizon Communications, Inc. ("Verizon") is a Delaware corporation with its principal place of business at 140 West Street, 29th Floor, New York, NY 10007.  Defendant Verizon's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

10.     On information and belief, Virgin Mobile USA, Inc. ("Virgin") is a Delaware corporation with its principal place of business at 10 Independence Boulevard, Warren, NJ 07059.  Defendant Virgin's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

11.     On information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), is a Delaware corporation with its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas, 72716.  Defendant Wal-Mart's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

12.     On information and belief, Amazon.com ("Amazon") is a Delaware corporation with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, WA 98144.  Defendant Amazon's registered agent in Texas appears to be Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

13.     On information and belief, AT&T, Inc. ("AT&T") is a Delaware corporation with its principal place of business at 208 South Akard Street, Dallas, TX 75202.  Defendant AT&T's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

14.     On information and belief, Best Buy Co. Inc. ("Best Buy") is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, MN 55423.  Defendant Best Buy's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

15.     On information and belief, Buy.com, Inc. ("Buy.com") is a California corporation with its principal place of business at 85 Enterprise, Suite 100, Aliso Viejo, CA 92656.

16.     On information and belief, Boost Worldwide, Inc. ("Boost") is a Delaware corporation with its principal place of business at 2001 Edmund Halley Drive, Reston, VA 20191. Defendant Boost's registered agent in Texas appears to be Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

17.     On information and belief, CompUSA.Com ("CompUSA") is a Florida corporation with its principal place of business at 11 Harbor Park Drive, Port Washington, NY

11050.  Defendant CompUSA's registered agent in Texas appears to be Corporation Service Company, 800 Brazos Street, Suite 750, Austin, TX 78701.

18.     On information and belief, Cricket Communications, Inc. ("Cricket") is a Delaware corporation with its principal place of business at 10307 Pacific Center Court, San Diego, CA 92121.   Defendant Cricket's registered agent in Texas is Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

19.     On information and belief, Dell, Inc. ("Dell") is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, TX 78682.   Defendant Dell's registered agent in Texas is Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

20.     On information and belief, Newegg, Inc. ("Newegg") is a Delaware corporation with its principal place of business at 16839 East Gale Avenue, City of Industry, CA 91745.

21.     On information and belief, Overstock.Com ("Overstock") is a Utah corporation with its principal place of business at 6350 South 3000 East, Salt Lake City, Utah 84121.

22.     On information and belief, Radioshack Corp. ("Radioshack") is a Delaware corporation with its principal place of business at 300 Radioshack Circle, Fort Worth, TX 76102. Defendant Radioshack's registered agent in Texas is Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

23.     On information and belief, Cal-Comp Electronics and Communications Company Ltd. ("Cal-Comp") is a foreign corporation with its principal place of business at A Bldg., No. 147, Sec. 3, Beishen Rd., Wanshuen Tsuen, Shenkeng Shiang, Taipei, Taiwan 222, R.O.C.

## JURISDICTION AND VENUE

24.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

25.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

26.     On information and belief, Defendant Samsung is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

27.     On information and belief, Defendant Sprint is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

28.     On information and belief, Defendant Target is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

29.     On information and belief, Defendant T-Mobile is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

30.     On information and belief, Defendant Tracfone is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31.     On information and belief, Defendant US Cell is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

32.     On information and belief, Defendant Verizon is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

33.     On information and belief, Defendant Virgin is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

34.     On information and belief, Defendant Wal-Mart is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

35.     On information and belief, Defendant Amazon is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

36.     On information and belief, Defendant AT&T is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

37.     On information and belief, Defendant Best Buy is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

38.     On information and belief, Defendant Boost is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

39.     On information and belief, Defendant Buy.com is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

40.     On information and belief, Defendant CompUSA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

41.     On information and belief, Defendant Cricket is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

42.     On information and belief, Defendant Dell is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

43.     On information and belief, Defendant Newegg is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

44.     On information and belief, Defendant Overstock is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

45.     On information and belief, Defendant RadioShack is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

46.     On information and belief, Defendant Cal-Comp is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

<u>**COUNT I**</u>

<u>**INFRINGEMENT OF U.S. PATENT NO. 6,741,215**</u>

47.     Plaintiff is the owner by assignment of United States Patent No. 6,741,215 ("the '215 patent") entitled "Inverted Safety Antenna for Personal Communications Devices."  The '215 Patent issued on May 25, 2004.  A true and correct copy of the '215 Patent is attached as Exhibit A.

48.     The '215 Patent is directed to a versatile system for designing or providing wireless communication devices that significantly reduce the intensity of electromagnetic radiation that a user is exposed to while using such a device.  In the past several years concerns over the potential health threats, especially to children, have continued to escalate.  In recent months, a great deal of attention has been focused on a growing number of studies that show potentially detrimental effects to users from long-term exposure to electromagnetic radiation from wireless communication devices and indicate a link between cell phone usage and cancer. *See, e.g.,* "Analysis of cell phone studies finds tumor risk," latimes.com, October 14, 2009 (http://articles.latimes.com/2009/oct/14/science/sci-cell-phones14); and "Study: Cell phone cancer link," nypost.com, October 24, 2009 (http://www.nypost.com/p/news/national/study_cell_phone_cancer_link_D1uu62C2zscTFCnzQ TeZwO).  One of the most common measurements of electromagnetic radiation from wireless communication devices is referred to as specific absorption rate (SAR), which is usually denoted in units of watts per kilogram (W/kg).  Interestingly enough, publicly available SAR data seems to indicate that wireless communication devices that utilize the teachings of the '215 Patent are capable of operating at very low SAR levels without sacrificing form or function.

49.     Upon information and belief, Defendant Samsung has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Samsung is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, its: Propel Pro i627; T301g; A777; Propel A767; Sway U650; Slash M310; T819; R610; G600; Mysto; A737 /A736; Rant; Juke U470; T429; E840; Blast T729; M330; M520; Reclaim M560; Highnote; Ultra Edition 10.9 / U600; T629; D900 / Black Carbon; D520; t819; T809/D820; E635/E630; T659; Exclaim M550; A877; T239; U490; and H559 phones. Defendant Samsung is thus liable for infringement of the '215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

50.     Upon information and belief, Defendant Sprint has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top

and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Sprint is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to: Samsung M330; Samsung Reclaim M560; Motorola RAZR; and Motorola Debut i856 phones.  Defendant Sprint is thus liable for infringement of the ‑215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

51.     Upon information and belief, Defendant Target has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‑215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the

top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Target is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to the: Motorola W376; Samsung T301; Samsung Sway; and Sony Ericsson W580 phones.  Defendant Target is thus liable for infringement of the ʼ215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

52.    Upon information and belief, Defendant T-Mobile has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ʼ215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user.  The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna.  The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant T-Mobile is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Samsung t819; Samsung t429; Samsung t239; Samsung t659; Sharp Sidekick LX 2009; HTC

Shadow 2009; and Motorola W490 phones.  Defendant T-Mobile is thus liable for infringement of the '215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

53.     Upon information and belief, Defendant Tracfone has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Tracfone is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Samsung T301g; Motorola W376; LG 290 and LG 290c phones.  Defendant Tracfone is thus liable for infringement of the '215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

54.     Upon information and belief, Defendant US Cell has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing

instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant US Cell is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Samsung 520; Motorola W385; and LG Rhythm phones.  Defendant US Cell is thus liable for infringement of the ‑215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

55.     Upon information and belief, Defendant Verizon has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‑215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing

instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Verizon is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Nokia Twist; Samsung Sway; LG Chocolate 1 and LG Chocolate 2 phones.  Defendant Verizon is thus liable for infringement of the ̵215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

    56.    Upon information and belief, Defendant Virgin has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ̵215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Virgin is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: PCD

Shuttle; Samsung Mysto; Pantech Ocean and Samsung Slash phones.  Defendant Virgin is thus liable for infringement of the ‒215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

57.     Upon information and belief, Defendant Wal-Mart has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‒215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna.  The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Wal-Mart is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: PCD Quickfire; Sharp Sidekick LX 2009; Samsung Exclaim; Samsung Reclaim; Nokia 7705 Twist; LG LX-370; Motorola Debut i856; HTC Shadow 2009; Samsung A737; Samsung T659; and Motorola RAZR phones.  Defendant Wal-Mart is thus liable for infringement of the ‒215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

58.     Upon information and belief, Defendant Amazon has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‒215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication

devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user.  The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna.  The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Amazon is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Nokia N86 and N96; Nokia 6210 and 6500; Samsung SGH900; Sony Ericsson C905; and Motorola RAZR phones.  Defendant Amazon is thus liable for infringement of the '215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

59.    Upon information and belief, Defendant AT&T has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible

sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use. The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use. For example, without limitation, Defendant AT&T is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: LG CF360; Sony-Ericsson W580; Samsung A777 and 767; Pantech Matrix; and Sony-Ericsson C905 phones. Defendant AT&T is thus liable for infringement of the ʹ215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

60.     Upon information and belief, Defendant Best Buy has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ʹ215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna. The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use. The infringing instrumentalities are provided such

that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Best Buy is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Samsung T239; Motorola i335 and i856; Motorola RAZR V3; and PCD Shuttle phones. Defendant Best Buy is thus liable for infringement of the ‑215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

61.    Upon information and belief, Defendant Boost has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‑215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Boost is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Motorola Debut i856 and W385 phones.  Defendant Boost is thus liable for infringement of the ‑215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

62.    Upon information and belief, Defendant Buy.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the ‑215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Buy.com is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Nokia N96; Motorola V3 RAZR; Motorola KRZR; Motorola W510; Sony Ericsson W580; Samsung U600; and LG Shine phones.  Defendant Buy.com is thus liable for infringement of the ‑215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

63.    Upon information and belief, Defendant CompUSA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‑215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the

user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use. The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use. For example, without limitation, Defendant CompUSA is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Motorola V3 RAZR; Motorola W490; Nokia N96 and Motorola RIZR phones.  Defendant CompUSA is thus liable for infringement of the ₂215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

    64.    Upon information and belief, Defendant Cricket has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ₂215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the

bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use. The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use. For example, without limitation, Defendant Cricket is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: PCD TXTM8; Cal-Comp A100; Motorola Evoke QA4 and Motorola Hint QA30 phones. Defendant Cricket is thus liable for infringement of the ‑215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

65.     Upon information and belief, Defendant Dell has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‑215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna. The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use. The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use. For example, without limitation, Defendant Dell is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Samsung Exclaim M550 and Nokia N86 phones. Defendant Dell is thus liable for infringement of the ‑215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

66.     Upon information and belief, Defendant Newegg has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‑215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user.  The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna.  The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Newegg is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Motorola RAZR; Motorola Z6; Motorola KRZR; and Nokia N86 phones.  Defendant Newegg is thus liable for infringement of the ‑215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

67.     Upon information and belief, Defendant Overstock has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‑215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing

portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use. The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use. For example, without limitation, Defendant Overstock is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Motorola RAZR V3 and ROKR Z6; Samsung T429; Nokia 5300; LG Chocolate 1 and LG Chocolate 2 phones. Defendant Overstock is thus liable for infringement of the '215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

68.    Upon information and belief, Defendant Radioshack has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna. The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user. The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna. The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the

top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Radioshack is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Motorola Debut i856 and i335; PCD Quickfire; and Samsung Reclaim M560 and T301 phones.  Defendant Radioshack is thus liable for infringement of the ʹ215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

        69.     Upon information and belief, Defendant Cal-Comp has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ʹ215 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell wireless communication devices comprising a housing, a microphone, a speaker earpiece, a user interface mounted in an upright orientation on the communication device, and a transmitting antenna.  The infringing instrumentalities are provided such that the housing comprises an upper housing portion on top and a lower housing portion on the bottom, the speaker earpiece is mounted in the upper housing portion and defines a resting surface for resting against a user's ear to communicate sound to the user's ear, a transmitting antenna for transmitting electromagnetic signals is mounted in the lower housing portion, and a microphone is positioned on the communication device to detect audible sounds from a user.  The infringing instrumentalities are provided such that during use, the communication device positions the transmitting antenna away from the user's ear because of the distance between the speaker earpiece and said transmitting antenna.  The infringing instrumentalities are further provided such that the housing defines an obtuse angle between the top of said upper housing portion and the bottom of said lower housing portion such that the bottom of said housing is positioned substantially away from both the plane defined by the resting surface and the user's face during use.  The infringing instrumentalities are provided such that the position of the transmitting antenna is angled away from the user's head and face during use.  For example, without limitation, Defendant Cal-Comp is marketing, distributing, using, selling, or offering to sell wireless communication devices including, but not limited to, the: Cal-

Comp A100.  Defendant Cal-Comp is thus liable for infringement of the ᵈ215 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the ᵈ215 Patent;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the ᵈ215 Patent;

3.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendantsø infringement of the ᵈ215 Patent as provided under 35 U.S.C. § 284;

4.      An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendantsø prohibited conduct with notice being made as of the date of correspondence with each Defendant, or at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneysø fees; and

6.      Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**DOWNUNDER WIRELESS, LLC**

Dated:  November 20, 2009                    By:  <u>/s/ Papool Chaudhari</u>
                                                  Papool Chaudhari
                                                  California State Bar No. 241346
                                                  Admitted to Eastern District of Texas

                                                  Spencer Browne
                                                  Texas State Bar No. 24040589

                                                  **Reyes Bartolomei Browne**
                                                  5950 Berkshire Lane, Suite 410
                                                  Dallas, TX 75225
                                                  Phone: (214) 526-7900
                                                  Fax: (214) 526-7910


                                                  **ATTORNEYS FOR PLAINTIFF**
                                                  **DOWNUNDER WIRELESS, LLC**